**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4605 Lankershim Blvd., Ste. 535
Toluca Lake, CA 91602
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
CEDRIC CHAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CEDRIC CHAN, Individually and On Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| vs. | |
| TRYP TECHNOLOGIES, INC., | |
| Defendant. | |

# NATURE OF THE CASE

1. Plaintiff Cedric Chan ("Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit for damages resulting from the unlawful actions of Tryp Technologies, Inc. ("Tryp" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed unsolicited automated text messages to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") Plaintiff alleges as follows upon personal knowledge as to himself and his own experiences and, as to all other matters, upon information and belief including due investigation conducted by his attorneys.

2. This case is brought to enforce the consumer privacy provisions afforded by the TCPA, a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

3. Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(2) by using an automatic telephone dialing system ("ATDS") to bombard consumers' mobile phones with non-emergency advertising and marketing text messages without prior express written consent.

# JURISDICTION & VENUE

4. Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

5. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California and Plaintiff resides within Los Angeles County and this district.

# PARTIES

6. Plaintiff, Cedric Chan ("Plaintiff"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

7. Defendant is, and was at all times mentioned herein, a Nevada corporation with its headquarters located in Las Vegas, Nevada. Defendant is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

8. Within the last year, Defendant began placing automated text messages to Plaintiff's cellular telephone number ending in 6211.

9. On June 26, 2020 at 6:19 p.m. Defendant placed a text message to Plaintiff's cellular telephone number ending in 6211 from telephone number 918-400-0899. The text message read as follows:

> "Trip Delivers: tomorrow, Saturday
> Webinar 10 am PDT/1 pm EDT
> Countdown to LAUNCH https: //www.
> tryprides.com/landing/sw/"

A true and correct copy of this text message is attached to this Complaint as Exhibit "A".

10. On June 28, 2020 at 9:12 p.m., Plaintiff messaged "STOP" to Defendant in order to get Defendant to stop sending him automated text messages.

11. In response to Plaintiff's "STOP" message, Defendant automatically and instantaneously generated and sent a text response to Plaintiff from text number 918-400-0899 which read as follows: "You have been unsubscribed and will receive no further messages."

A true and correct copy of the "STOP" text message sent by Plaintiff to Defendant and the automatic text message instantaneously generated and sent by Defendant to Plaintiff in response is attached hereto as Exhibit "B".

12. The text messages Defendant sent to Plaintiff consisted of pre-written templates of impersonal text and were identical to text messages Defendant sent to other consumers.

13. Each of the text messages sent by Defendant came from the same text

number.

14. In addition, the content of the text messages were automatically generated, with no human involvement in the drafting or directing of the messages.

15. The language in the messages was automatically generated and inputted into pre-written text template without any actual human intervention in the drafting or sending of the messages; the same exact messages were sent to thousands of other consumers.

16. The telephone system Defendant used to send the messages constitutes an ATDS as defined by 47 U.S.C. § 227(a)(1).

17. Upon information and belief, Defendant stored Plaintiff's cellular telephone number in its text messaging system with thousands of other consumers' telephone numbers and then automatically sent identical messages en masse to Plaintiff and thousands of other consumers at the same time.

18. Upon information and belief, no human directed any single text message to Plaintiff's number.

19. In addition, upon information and belief the hardware and software combination utilized by Defendant has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

20. Defendant did not have Plaintiff's prior express consent to place automated text messages to Plaintiff on his cellular telephone.

21. Plaintiff's time was wasted in reading Defendant's text messages and in responding by sending his "STOP" message.

22. Receipt of Defendant's unauthorized messages and Plaintiff's response thereto drained Plaintiff's phone battery and caused Plaintiff additional electricity expenses and wear and tear on his phone and battery.

23. Defendant did not place the text messages for an emergency purpose.

24. Through the aforementioned conduct, Defendant violated 47 U.S.C. §

227(b)(1)(A)(iii).

25. As a result of Defendant's alleged violations of law by placing these automated texts to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

> a. Invading Plaintiff's and the putative class' privacy;
>
> b. Electronically intruding upon Plaintiff's and the putative class' seclusion;
>
> c. Intrusion into Plaintiff's and the putative class' use and enjoyment of their cellular telephones;
>
> d. Impermissibly occupying minutes, data, availability to answer another call or text, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;
>
> e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted texts.

## CLASS ALLEGATIONS

26. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons throughout the United States (1) to whom Defendant delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years preceding the date of this complaint through the date of class certification, (5) wherein said person had not previously consented to receive any such texts.

Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone call from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint wherein said person had not previously consented to receive any such texts.

28. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the hundreds to thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

29. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds if not thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

30. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant harassed Plaintiff and Class Members by illegally texting their cellular phones using an ATDS. Plaintiff and the Class members were damaged thereby.

31. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    What Defendants' conduct, pattern, and practice is as it pertains to delivering advertisement and telemarketing text messages;

**CLASS ACTION COMPLAINT**
-6-

      b.    Whether, within the four years prior to the filing of this Complaint, Defendant used an ATDS (as defined by the TCPA) to send text messages to Class Members;

      c.    Whether Defendant's conduct violated the TCPA;

      d.    Whether Defendant should be enjoined by engaging in such conduct in the future; and

      e.    The availability of statutory penalties;

32. As a person that received texts from Defendant using an automatic telephone dialing system, without prior express consent, Plaintiff is asserting claims that are typical of The Class.

33. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

34. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

35. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-

party Class members to protect their interests.

36. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

39. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

40. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-40.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

43. As a result of Defendant's knowing and/or willful violations of *47

*U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

44. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

# DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: August 21, 2020

**MARTIN & BONTRAGER, APC**

By: */s/ G. Thomas Martin, III*
G. Thomas Martin, III
Attorneys for Plaintiff